FILED
CLERK, U.S. DISTRICT COURT
Sept. 30, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: JR DEPUTY

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GERALD R. QUACO,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 5:17-CV-00765 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In July of 2013, Plaintiff Gerald R. Quaco applied for Disability Insurance Benefits and Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Brian C. Shapiro, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 19, 20, 25, 26). On May 21, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on July 15, 2013, alleging disability beginning April 27, 2012. (T at 57, 219, 371-85).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 28, 2016, a hearing was held before ALJ Andrew Verne. (T at 107). Plaintiff appeared with his attorney and testified. (T at 111-33). The ALJ also received testimony from Mary Jesko, a vocational expert (T at 133-41).

On March 24, 2016, the ALJ issued a written decision denying the applications for benefits. (T at 54-80). The ALJ's decision became the Commissioner's final decision on February 21, 2017, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On April 20, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 3). The

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 22.

Commissioner interposed an Answer on September 18, 2017. (Docket No. 21). The parties filed a Joint Stipulation on December 15, 2017. (Docket No. 23).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be remanded for further proceedings.

### III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

5

DECISION AND ORDER – QUACO v BERRYHILL 5:17-CV-00765-VEB

1 "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.    Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 27, 2012 (the alleged onset date) and met the insured status requirements of the Social Security Act through June 30, 2013. (T at 60). The ALJ found that Plaintiff's cognitive disorder (NOS); anxiety disorder (NOS); attention deficit hyperactivity disorder; bipolar disorder (NOS); asthma; disc bulges at C3-4, C5-6, and C7-T1; radiculopathy at C5-6; multilevel degenerative changes at the cervical spine with neural foraminal narrowing and spondylolisthesis; and multilevel degenerative changes at the lumbar spine with spondylolisthesis were "severe" impairments under the Act. (Tr. 60).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 61).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 416.967 (c), as follows: he can lift/carry 50 pounds occasionally and 25 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday with regular breaks; he can sit for 6 hours in an 8-hour workday with regular breaks; he can frequently climb ramps/stairs/ropes/ladders/scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to pulmonary irritants; he can understand, remember, and carry out simple, 1-2 step job instructions performed in an environment with no fast-paced production requirements, only simple work-related decisions, and few, if any, workplace changes. In addition, the work must be isolated with only occasional supervision and public interaction. (T at 64).

The ALJ found that Plaintiff could not perform his past relevant work as a lot porter, detailer, lube technician, or day laborer (warehouse). (T at 72-73). However, considering Plaintiff's age (47 on the alleged onset date), education (at least high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 73-74).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from April 27, 2012 (the alleged onset date) through March 24,

2016 (the date of the ALJ's decision). (T at 74-75). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

D.  **Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 23), Plaintiff offers one (1) main argument in support of his claim that the Commissioner's decision should be reversed. Plaintiff challenges the ALJ's RFC determination.

## IV. ANALYSIS

A.  **RFC**

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217.

Here, ALJ determined that Plaintiff retained the RFC to perform medium work as defined in 20 CFR § 416.967 (c), as follows: he can lift/carry 50 pounds occasionally and 25 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday with regular breaks; he can sit for 6 hours in an 8-hour workday with regular breaks; he can frequently climb ramps/stairs/ropes/ladders/scaffolds; he can frequently balance, stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to pulmonary irritants; he can understand, remember, and carry out simple, 1-2 step job instructions performed in an environment with no fast-paced production requirements, only simple work-related decisions, and few, if any, workplace changes. In addition, the work must be isolated with only occasional supervision and public interaction. (T at 64).

In reaching this determination, the ALJ gave "great weight" to the opinion of two non-examining State Agency review consultant physicians. (T at 69). In November of 2013, Dr. D. Subin reviewed the record available at that time and opined that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently and stand/walk/sit for 6 hours in an 8-hour workday. (T at 238-39). In March of 2014,

Dr. D. Rose reviewed the record and concluded that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently; stand/walk/sit for 6 hours in an 8-hour workday; and frequently climb ramps, stairs, ropes, ladders, and scaffolds. Dr. Rose also opined that Plaintiff could frequently balance, stoop, kneel, crouch, and crawl, but could not be exposed to pulmonary irritants or poor ventilation. (T at 254).

However, after the State Agency review physicians offered their opinions, Plaintiff had several tests that indicated a more severe and/or worsening condition. A cervical spine x-ray in October of 2014 indicated degenerative changes and foraminal narrowing. (T at 561). An MRI of the lumbar spine from August 2015 showed degenerative changes with foraminal narrowing and impingement of the nerve root. (T at 701). In addition, records from Plaintiff's pain management clinic between December 2014 and March 2016 indicated antalgic gait, left anterior thigh numbness and reduced strength in the left lower extremity, which were treated with steroid injections, medical facet branch blocks, and a bilateral radiofrequency ablation. (T at 592, 598, 604, 618, 642, 665, 787).

The ALJ did not offer any explanation as to why the State Agency review physician opinions still warranted "great weight," notwithstanding the additional, apparently material, development of the medical record.

There is no question that "the ALJ has a duty to assist in developing the record." *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998); 20 C.F.R. §§ 404.1512(d)-(f); *see also Sims v. Apfel*, 530 U.S. 103, 110-11, 147 L. Ed. 2d 80, 120 S. Ct. 2080 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . .").

Here, this Court finds that the ALJ failed to develop the record by seeking a medical opinion as to whether testing and treatment after the State Agency review physician assessments gave rise to the possibility that Plaintiff's limitations were either more severe than initially believed or, in the alternative, whether his condition and deteriorated since the assessments. A remand is therefore required.

**B.    Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. As discussed above, the ALJ's RFC determination, which was based heavily on potentially out-dated non-examining physician opinions, cannot be sustained. With that said, the record is unclear as to the extent to which subsequent testing and treatment actually provide a basis for assessing a different, more restrictive, RFC. As such, a remand for further proceedings is the right result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further proceedings consistent with this Decision and Order, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees.

DATED this 30th day of September, 2018

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE